IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**FORT WORTH PARTNERS, LLC**                                                                                              **PLAINTIFF**

v.                                                   **CASE NO. 5:22-CV-5181**

**NILFISK, INC.** and
**NILFISK HOLDING A/S,**
a Danish Corporation                                                                                                       **DEFENDANTS**

**OPINION AND ORDER**

Now before the Court are Plaintiff Fort Worth Partners' Motion for Attorneys' Fees and Costs (Doc. 105) and Motion for Partial Reconsideration of the Court's denial of prejudgment interest (Doc. 107). The Court has also received Defendants' Responses to each of these Motions (Docs. 111 & 116) and Fort Worth Partners' Reply regarding attorneys' fees (Doc. 114).

Fort Worth Partners ("FWP") seeks $170,413.50 in attorneys' fees and $19,059.65 in costs. (Doc. 105, ¶ 6). Defendants (collectively, "Nilfisk") object, arguing that given Fort Worth Partners' limited success (a verdict for 49.5% of damages sought) and the unreasonable rates charged, any award to FWP should be significantly reduced. Nilfisk also objects to the award of fees for FWP's Motion for Leave to File Amended Complaint, which was denied, billing entries unrelated to this litigation, and certain costs. For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** FWP's Motion for Attorneys' Fees and Costs and **DENIES** FWP's Motion for Partial Reconsideration.

1

## I. BACKGROUND

FWP owned an industrial warehouse which it leased to Nilfisk. The warehouse was destroyed by a direct hit from an EF-3 tornado. FWP sued Nilfisk for breach of contract based on Nilfisk's failure to maintain full replacement cost insurance on the warehouse as required by the Industrial Lease Agreement (the "Lease"), alleging damages of $30,474,125.73 in replacement costs not covered by Nilfisk's insurance and $1,604,300 in rent. *See* Doc. 2, ¶¶ 24, 26. The parties filed cross-motions for summary judgment, and the Court granted partial summary judgment for FWP, (Doc. 82), finding that Nilfisk materially breached the Lease by failing to maintain full replacement cost insurance. Accordingly, the Court found that FWP was released from further obligations under the Lease, and Nilfisk was liable for rent for the duration of the Lease.

The Court conducted a two-day bench trial on the issue of damages for Nilfisk's breach. Following the trial and post-trial briefing, the Court awarded FWP $12,870,528.74 in replacement costs not covered by Nilfisk's insurance, $1,649,725.37 in unpaid rent, and $54,544.42 in miscellaneous other damages, and declared FWP the prevailing party. (Doc. 101, pp. 41–42). The Court denied FWP's request for prejudgment interest because FWP's damages were "not ascertainable by fixed standards prior to trial." *Id.* at p. 45.

Under the Lease, "[i]f either party brings any action of legal proceeding for damages for an alleged breach of any provision of this Lease, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs to be fixed and determined by the court in such action or proceeding." (Doc. 2-1, Section 23.12 (cleaned up)). Arkansas Code § 16-22-308 provides that "[i]n any civil action to recover for breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action,

2

the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court" (cleaned up). Finally, Federal Rule of Civil Procedure 54(d) provides for the award of both costs and attorneys' fees as permitted by law.

## II. ATTORNEYS' FEES

Nilfisk does not dispute that FWP is the prevailing party but argues that FWP's requested fees should be reduced to reflect FWP's limited success on its damages claim and the prevailing market rates in the region. In determining whether the fees billed by FWP's counsel are reasonable, the Court considers the following factors set forth by the Arkansas Supreme Court in *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 229–30 (1990), and cited to with approval by the Eighth Circuit, *see All-Ways Logistics, Inc. v. USA Truck, Inc.*, 583 F.3d 511, 521 (8th Cir. 2009): the amount of time counsel invested in the lawsuit; the appropriateness of counsel's rates, given the experience and ability of the attorneys; the time and labor required to perform the legal services properly; the amount potentially at issue in the case; the results obtained; the novelty and difficulty of the issues involved; and the prevailing rate customarily charged in this area for similar legal services.

FWP seeks $170,413.50 in attorneys' fees. FWP's counsel billed 464 hours, primarily through attorneys Marshall Ney, who billed 229.1 hours at a blended rate of $472.40, and Kael Bowling, who billed 160.2 hours at a blended rate of $256.80. Attorneys Alexis Bibbs, Sarah Breeding, Matthew Mitchell, and Alexa Mizer performed limited work on this litigation at respective hourly rates of $219.40, $217.60, $325, and $225. Finally, two paralegals billed at $95 and $115 per hour, and a law clerk billed at $65 per hour.

The Court agrees with Nilfisk that some of FWP's attorneys and support staff rates are out of step with the prevailing rate in Northwest Arkansas for similar legal services. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019) (quoting *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005)). Based on the market rates in the region for similar legal services, the Court considers $400 per hour a reasonable rate for Mr. Ney's services, $75 for paralegals, and $25 for law clerks, and reduces their rates accordingly. The Court considers the total number of hours billed in this case generally reasonable, and the lodestar calculation reflecting these rates totals $152,115.00.[1]

Nilfisk also asks the Court to reduce the fee award proportionately to the amount of damages sought versus awarded. "[I]f 'a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436). However, "fee awards need not be proportional to damages awards." *Marshall v. Anderson Excavating & Wrecking Co.*, 8

---

[1] Unreduced: Bibbs ($11,167.50), Bowling ($41,153.50), Breeding ($1,501.50), Mitchell ($162.50), and Mizer ($3,690). Unreduced subtotal: $57,675.00. Reduced: Ney ($400/hour * 229.1 hours = $91,640.00), paralegals ($75/hour * 34.4 hours), and clerk ($25/hour * 8.8 hours = $220). Reduced subtotal: $94,440.00. Total: $152,115.00.

4

F.4th 700, 713 (8th Cir. 2021) (quoting *Cent. Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emps. v. Ray Haluch Gravel Co.*, 745 F.3d 1, 6 (1st Cir. 2014)).

Here, the Court finds a partial reduction appropriate, though not to the extent that Nilfisk requests. FWP was awarded approximately half the damages it initially sought, but Nilfisk initially argued that FWP was not entitled to recover under the Lease *at all*, a position which the Court squarely rejected. (Doc. 82, pp. 11–14). However, at the trial on damages, the Court rejected FWP's damages theory, finding that FWP failed to prove its foundation costs with reasonable certainty and rejecting its interpretive argument that the full replacement cost insurance provision excluded only portions of the foundation that were below ground. *See* Doc. 101, pp. 22–26, 36–41. Therefore, the Court will reduce FWP's fees by 25% to account for its success in establishing liability but only partial success in establishing damages. This results in a total attorneys' fees award of **$114,086.25**. This reduction adequately accounts for Nilfisk's objections to fees for FWP's unsuccessful motion to amend its complaint and the post-trial fees related to the warehouse's water bills and demolition, so the Court does not address those issues individually.

### III.  COSTS

FWP seeks $19,059.65 in costs, the bulk of which ($13,910.50) are attributable to expert witness fees. The Lease provides that the prevailing party is entitled to recover reasonable costs connected with this action. Nilfisk argues, correctly, that expert witness fees are not compensable. "[A]bsent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witnesses as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Orduno v. Pietrzak*, 932 F.3d 710,

720 (8th Cir. 2019) (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). In its Reply, FWP does not rebut, or even discuss, this argument. The Court is aware of no contractual provision authorizing recovery of expert witness fees, and neither federal nor Arkansas law authorizes such recovery. *Id.*; *Wood v. Tyler*, 317 Ark. 319, 322 (1994). Therefore, FWP cannot recover its expert witness fees.

Nilfisk also contests the costs associated with the deposition of Carl Mosier. The prevailing party can recover court reporting costs for depositions if "the depositions reasonably seemed necessary at the time they were taken." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356 (8th Cir. 1997) (quoting *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir. 1996)). In its initial disclosures, Nilfisk listed its employee, Mr. Mosier, as someone "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." (Doc. 114, Ex. A, p. 2). FWP deposed him in October 2023, but did not use his deposition in its summary judgment motion later that month or at trial the following February. FWP argues that Mr. Mosier's deposition seemed necessary at the time it was taken because he was a "potential trial witness." (Doc 114, p. 4). The Court agrees, and "[d]epositions are taxable when necessarily obtained for use in a case, even if not introduced at trial." *Johnson v. Charps Welding & Fabricating, Inc.*, 950 F.3d 510, 527 (8th Cir. 2020). Therefore, FWP can recover court reporting costs for deposing Mr. Mosier.

Finally, Nilfisk contests the expedited transcript costs for Nilfisk's depositions of FWP's experts. Nilfisk deposed FWP's experts on October 23, 2023, a week before summary judgment and *Daubert* motions were due, and FWP relied on these transcripts in their motions. Because Nilfisk waited until a week before these deadlines to depose

6

FWP's experts, it was both necessary and reasonable for FWP to pay for expedited transcripts. Therefore, FWP can recover these costs, in addition to Mr. Mosier's deposition costs, for a total of **$ 5,149.15.**

## IV. PREJUDGMENT INTEREST

FWP has also filed a timely Motion for Partial Reconsideration (Doc. 107) regarding the Court's decision not to award prejudgment interest. FWP asks the Court to find that FWP can recover over a million dollars ($1,222,397.70) in prejudgment interest on about half of its over fourteen million dollars in total damages. Because the Court's Bench Trial Opinion and Order is not a final judgment, *see* Doc. 101, p. 47, FWP brings its motion under Federal Rule of Civil Procedure 60(b). *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999).

Rule 60(b) states that a court "*may* relieve a party or its legal representative from a final judgment, order, or proceeding" based on certain enumerated circumstances laid out at 60(b)(1) through (b)(5) or for "any other reason that justifies relief" under 60(b)(6). "[Federal] Rule [of Civil Procedure] 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 842 (8th Cir. 2022) (alterations in original) (quoting *In re Levaquin Prod. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014)).

FWP does not specify which subsection of Rule 60(b) it seeks relief under, so the Court looks to the substance of its argument. *See Robinson v. Armontrout*, 8 F.3d 6, 7 (8th Cir. 1993). Here, FWP argues that the Court erred by denying prejudgment interest on the "definitely ascertainable" portion of FWP's damages, even though FWP is entitled to such interest as a matter of law. This falls within subsection (b)(1), which allows a party

to seek relief based on "mistake, inadvertence, surprise, or excusable neglect," which includes a judge's mistake of law. *Kemp v. United States*, 596 U.S. 528, 533–34 (2022).

The Court "first note[s] that this is not a case where plaintiff has been denied a decision on the merits." *Cline v. Hoogland*, 518 F.2d 776, 778 (8th Cir. 1975). Here, FWP sought prejudgment interest in its complaint, (Doc. 2, ¶¶ 24, 26), argued for prejudgment interest in its summary judgment briefing, (Doc. 34, p. 18), and requested prejudgment interest in its trial and post-trial briefs, (Doc. 84, p. 15; Doc. 94, p. 9). None of those documents advanced FWP's current argument that the Court should chop up the different types of damages, identify the portions that were readily ascertainable based on the evidence adduced at trial, and apply different interest rates to different types of damages.

"Rule 60(b) is 'not a vehicle for simple reargument on the merits.'" *Terra Int'l, Inc. v. Robinson*, 113 F. App'x 723, 725 (8th Cir. 2004) (quoting *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir.1999)). Moreover, it is "not the appropriate place to 'tender new legal theories for the first time.'" *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988)). "It provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986) (quoting *Farmers Co-Op. Elevator Ass'n Non-Stock of Big Springs v. Strand*, 382 F.2d 224, 232 (8th Cir. 1967)).

FWP "was given a full and fair opportunity to litigate this case in the first instance." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 936 (8th Cir. 2006). "In [its] 'motion for reconsideration,' [FWP does] nothing more than reargue, somewhat more fully, the merits of [its] claim" for prejudgment interest. *Broadway*, 193 F.3d at 989–90. It

has made no showing of exceptional circumstances justifying relief under Rule 60(b). FWP's Motion for Partial Reconsideration (Doc. 107) is therefore **DENIED**.

## I.  CONCLUSION

**IT IS THEREFORE ORDERED** that FWP's Motion for Attorneys' Fees and Costs (Doc. 105) is **GRANTED IN PART AND DENIED IN PART**, and FWP's Motion for Partial Reconsideration (Doc. 107) is **DENIED**. Nilfisk is **ORDERED** to reimburse FWP its reasonable attorneys' fees in the total amount of $114,086.25 and costs in the amount of $5,149.15.

**IT IS SO ORDERED** on this 29th day of January, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE